UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ENRIQUE DIAZ,

    Petitioner,

v.                                                  Case No. 3:22-cv-23905-MCR-MJF

RICKY DIXON,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Enrique Diaz, proceeding *pro se*, has filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, with incorporated memorandum. Doc. 10. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that this habeas action should be dismissed because it is moot.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Diaz is an inmate of the Florida Department of Corrections ("FDC") serving several life sentences for armed robberies he committed in Miami-Dade County. Doc. 10 at 1-2. Diaz currently is confined at the Okaloosa Correctional Institution. *Id.* at 1. Diaz is challenging a prison

disciplinary conviction ("DR") he received at Okaloosa CI on October 11, 2022. Doc. 10, Mem. & Ex. 1. Diaz asserts that the DR violated his right to due process because there was insufficient evidence to support the finding of guilt. Doc. 10 at 9 & Mem. As a result of the DR, Diaz was sentenced to 60 days of disciplinary confinement (with credit for 8 days spent in administrative confinement) followed by 30 days of canteen and telephone restriction. *Id.*, Ex. 1. Diaz did not lose gain-time. *Id.*

Respondent filed a response to the petition, asserting that the petition should be dismissed under the procedural default doctrine. Doc. 14. Respondent maintains that although Diaz exhausted his administrative remedies within the FDC, he failed to present his claim to the state courts and now is procedurally barred from doing so.

On August 18, 2023, the undersigned ordered Diaz to show cause why this action should not be dismissed as moot due to his release from disciplinary confinement. Doc. 17. Diaz responds that his petition is not moot because the DR caused his Presumptive Parole Release Date ("PPRD") to be extended. Doc. 18.

## II.  THIS ACTION IS MOOT

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Put another way, [a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (internal quotation marks and citations omitted).

Mootness is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). A court may raise the mootness issue *sua sponte*. *See Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) ("'Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised sua sponte if not addressed by the parties.'" (quoting *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980))).

In *Spencer v. Kemna*, 523 U.S. 1 (1998), a state prisoner filed a federal habeas petition seeking to invalidate an order revoking his parole on the grounds that he was denied due process in the parole revocation

Page 3 of 11

proceeding. During the pendency of the habeas proceeding, Spencer completed his term of imprisonment for the parole revocation, was re-released on parole and, two months after that, fully completed his sentence for the underlying conviction. The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed. The Eighth Circuit concluded that Spencer's claim had become moot because he suffered no "collateral consequences" of the parole revocation order. The Supreme Court agreed that Spencer's challenge to the parole revocation order was moot, explaining:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained.

*Spencer*, 523 U.S. at 7 (citing *Carafas v. La Vallee*, 391 U.S. 234, 237-38 (1968)). The Court held that although it had been willing to presume the existence of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to

Page 4 of 11

a petition challenging the validity of a parole revocation. Instead, when a petitioner attacking the revocation of his parole status is released from custody due to the expiration of his parole revocation sentence during the pendency of his habeas proceeding, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement. *Spencer*, 523 U.S. at 14. The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties. *Spencer*, 523 U.S. at 14-18 (rejecting Spencer's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Here, Diaz does not attack his underlying robbery convictions or sentences. He attacks his DR on October 11, 2022, that resulted in a 60-

day term of disciplinary confinement. But it is apparent from Diaz's pleadings—and Diaz does not dispute—that he completed his DR sentence months ago.

When a prisoner has completed an imposed term of administrative or disciplinary confinement before he files his habeas petition—or while the petition is pending—the petition is moot "and cannot be revived by collateral consequences." *See Medberry*, 351 F.3d at 1053-54 (dismissing as moot habeas petition challenging prison disciplinary conviction that resulted in disciplinary confinement; inmate completed term of disciplinary confinement and had been released from that confinement, and disciplinary proceeding did not affect length of inmate's imprisonment); *see also, e.g., Medberry v. Crosby*, 135 F. App'x 333, 334 (11th Cir. 2005) (same where inmate challenged placement on close management because of disciplinary problems but had been released from close management).

Diaz seeks to revive his petition by arguing that he suffered a collateral consequence from the DR. Specifically, Diaz alleges that on August 9, 2023, the Florida Commission on Offender Review ("FCOR") relied on the DR to extend his presumptive parole release date by 12

Page 6 of 11

months (from 10/27/2058 to 10/27/2059). Doc. 18 at 2 & Ex. 1. The FCOR set a subsequent interview for May 2025. *Id.*

The extension of Diaz's PPRD is not a concrete injury-in-fact sufficient to satisfy Article III's case-or-controversy requirement. Diaz has no right to be released on parole. Such release depends wholly on the exercise of the FCOR's discretion. *See Staton v. Wainwright*, 665 F.2d 686 (5th Cir. Unit B 1982); *see also Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986); *Hunter v. Fla. Parole & Prob. Comm'n*, 674 F.2d 847, 848 (11th Cir. 1982). The court explained in *Staton*:

> Much of the Florida statutory scheme [concerning parole] is written in mandatory terms. That language, however, is qualified by the exercise of the Commission's discretion. The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters committed ultimately to the discretion of the Commission. Even if the inmate's conduct has been satisfactory, Florida law specifically grants the Commission the power to authorize the effective parole release date or to deny or delay release.
>
> Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, no entitlement to or liberty interest in parole is created by the Florida statutes.

*Staton*, 665 F.2d at 688.

The fact that Diaz has been given a PPRD does not mean that he has been granted parole. Nor is his PPRD an effective parole release date. *Meola v. Dep't of Corr.*, 732 So. 2d 1029, 1034 (Fla. 1998) ("In Florida, parole-eligible inmates do not have a legitimate expectation of liberty or right to expect release on a certain date even after they have been given a specific Presumptive Parole Release Date (PPRD)."). The extension of Diaz's PPRD as a result of the DR did not affect the length of his imprisonment.

Furthermore, any future effect the DR might have on the FCOR's decision whether to grant parole is too attenuated and dependent on other factors to qualify as a continuing "collateral consequence." In short, the overall effect of the DR on Diaz's future parole prospects is too speculative to satisfy the live case or controversy requirement of Article III.

Because Diaz fully served his disciplinary sentence during the pendency of this § 2254 proceeding, and because he has not shown that the DR affected the length of his incarceration, his petition challenging the DR is moot and should be dismissed for lack of subject-matter jurisdiction.

### III. A Certificate of Appealability is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

    1.    The amended petition for writ of habeas corpus, Doc. 10, challenging Petitioner's disciplinary conviction for Possession

of Weapons (DR Log #115-221340), be **DISMISSED** for lack of jurisdiction.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Panama City, Florida, this 5th day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**